1912.]    Assignment of Error—Opinion of the Court.

*Error assigned* was decree awarding an injunction.

*D. I. Ball,* with him *C. Z. Gordon,* for appellants.— We most earnestly maintain that the plaintiff cannot make use of the record of the assignment for the purpose of attacking the assignment, and at the same time object to the admission in evidence of that record. The two propositions are certainly inconsistent: Martin v. Ives, 17 S. & R. 364; Weaver's Road, 45 Pa. 405; Share v. Anderson, 7 S. & R. 43; Greeley v. Thomas, 56 Pa. 35; Taylor v. Parkhurst, 1 Pa. 197; Miltimore v. Miltimore, 40 Pa. 151; Baily v. Baily, 44 Pa. 274; Smith v. Jack, 2 W. & S. 101; Goodman v. Losey, 3 W. & S. 526.

*J. E. Mullin,* with him *W. E. Rice* and *A. B. Stewart,* for appellee.

PER CURIAM, November 7, 1912:

The decree of the court is affirmed at the cost of the appellant on the findings of fact and law by Judge REED.

---

# Commonwealth ex rel. *v.* Bailey, Appellant.

*Public officers—Overseers of the poor—Terms of office—Constitutional amendment of 1909—Acts of March 2, 1911, P. L. 8, and June 19, 1911, P. L. 1052.*

The terms of offices of overseers of the poor elected at the February election in 1910 expired, under the constitutional amendment of 1909, on the first Monday of December, 1911. They were not extended by the Act of June 19, 1911, P. L. 1052, changing the term of overseers from two years to four years.

Argued Oct. 9, 1912. Appeal, No. 85, Oct. T., 1912, by defendants, from judgment of C. P. Armstrong Co., March T., 1912, No. 278, for plaintiffs on quo warranto in case of Commonwealth ex rel. J. C. Duff and George

610 COMMONWEALTH, ex rel., *v.* BAILEY, Appellant.

Aye v. W. C. Bailey and David Schrecengost. Before
FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEW-
ART and MOSCHZISKER, JJ. Affirmed.

Quo warranto to determine title to office.

PATTON, P. J., filed the following opinion:

Under the Act of April 22, 1903, P. L. 246, the electors
of Manor Township were entitled to elect two Overseers
of the Poor on the third Tuesday of February, 1910, and
had not the Constitution of Pennsylvania been amended
under the above-mentioned act, and the Act of June 4,
1879, P. L. 94, their term of office would have expired on
the first Monday of March, 1912, and their successors
would have been elected on the third Tuesday of Febru-
ary, 1912.

But the people of Pennsylvania seeing the unneces-
sary trouble and expense of holding municipal elections
every year amended their Constitution on the 2d day of
November, 1909, thereby providing that municipal elec-
tions, with certain exceptions, should only be held on
odd numbered years.

In order that no inconvenience might arise from this
change, and in order to carry it into complete operation,
the schedule for the amendments provided inter alia:
"In the year one thousand nine hundred and ten the
municipal election shall be held on the third Tuesday
of February as heretofore; but all officers chosen at that
election, to an office the regular term of which is two
years, shall serve until the first Monday of December,
in the year one thousand nine hundred and eleven."

W. C. Bailey and David Schrecengost were elected
overseers on the 3d Tuesday of February, 1910, and by
the express terms of the schedule above quoted, their
office would have expired on the 1st Monday of Decem-
ber, 1911.

In the absence of further legislation as to when their
successors should assume the duties of the office, this
would have allowed a vacancy in the office of the Over-

seers of the Poor from the 1st Monday of December, 1911, to the 1st Monday of March, 1912. To remedy this oversight the Act of March 2, 1911, P. L. 8, was passed, which provided in the second proviso of Section 5, "That the terms of the successors, (that is Duff and Aye,) to officers whose terms expire in the year 1911, shall begin on the first Monday of December in that year and shall be extended as follows: the two year term until the 1st Monday of January, 1914."

This legislation gave the overseers elected in November, 1911, terms of two years and one month. This then closed the hiatus between the terms, and allowed the successors to take office the same day as the terms of their predecessors expired.

Then to further carry out the will of the people as to the extension of the duration of offices, the Act of June 19, 1911, P. L. 1052, was passed, extending the term of the Overseers of the Poor from a two-year term to a four-year term.

We cannot see how that act can help the respondents. By the express condition of the schedule to the Constitution, Overseers of the Poor elected in 1910 should serve until the 1st Monday of December, 1911. The respondents were elected in February, 1910. Their contention is that they hold office until the 1st Monday of January, 1914. But the Act of June 19, 1911, provides that overseers "elected on the municipal election day," that is, in November, 1911, shall hold office for the term of four years. That is Duff and Aye, who were elected in November, 1911, will hold their office until the 1st Monday of January, 1916. But where is there any provision in the Constitution, its Schedule, or the Acts of Assembly, that extends the term of Bailey and Schrecengost from the 1st Monday of December, 1911, to 1st Monday of January, 1914. This, in our opinion, they cannot do. Even if their case falls within the provisions of that act, it being in conflict with the Constitution, must yield.

The second section of the Act of June 19, 1911, cannot apply in this case for, as we have seen, the terms of Bailey and Schrecengost "did not expire under existing laws upon any day after the first Monday of January in an even-numbered year."

And now, March 2nd, 1912, the defendants, W. C. Bailey and David Schrecengost, are adjudged guilty of unlawfully holding and exercising the office of Overseers of the Poor of Manor Township, and judgment is now entered against them that they be ousted and excluded from such office, and that the petitioners recover their costs from the respondents.

*Error assigned* was in entering judgment for plaintiffs.

*Floy C. Jones,* with him *Guy C. Christy,* for appellants.—The schedule to the constitutional amendments was but a bridge to cover the period between the adoption of the amendments and the time when the legislature would enact new laws to carry the amendments into effect. The question as to the force of a schedule to constitutional amendments has been before this court on numerous occasions: Leib v. Com., 9 Watts 200; Com. v. Clark, 7 W. & S. 127; Com. v. Wolfgang, 21 Pa. D. R. 193.

As overseers of the poor are creatures of the legislature, the provision in the schedule to the constitutional amendments that the terms of those elected in February, 1910, expired on the 1st Monday of December, 1911, must give way to the Act of June 19, 1911, P. L. 1052. The schedule had done its duty in bridging over the time between the adoption of the amendments and the convening of the legislature. The Act of 19th June, 1911, was enacted long before the time fixed in the schedule for the expiration of the terms of overseer of the poor and carried into complete operation the intendment of the amendments and the schedule.

*W. L. Peart,* with him *J. P. Golden,* for appellees, cited: Com. v. O'Neil, 233 Pa. 218; Stauffer v. Wertz, 21 Pa. D. R. 724.


PER CURIAM, November 7, 1912:

The judgment is affirmed for the reasons stated in the opinion of the learned judge of the Common Pleas.

---

## Robinson, Appellant, *v.* Harrison.

*Lease—Oil and gas lease—Trade fixtures—Removal of fixtures during term.*

1. The casing in an oil or gas well on a leasehold, the derricks and the other necessary appliances and machinery for pumping the well, are trade fixtures, and can be removed by the owner or lessee during the term of the lease.

2. The right of a tenant to remove such fixtures does not arise from an express grant, but from an implied one that the fixtures were placed on the leased premises to enable the lessee to use and enjoy them during the term, and then to remove them.

3. When a tenant, having trade fixtures on the premises, secures a new lease in the nature of an extension without any reservation of the right to remove the fixtures, the tenant may keep the fixtures on the premises without giving the landlord the right to restrain their removal at or before the expiration of the second lease.


Argued Oct. 9, 1912. Appeal, No. 94, Oct. T., 1912, by plaintiff, from judgment of C. P. Armstrong Co., Dec. T., 1910, No. 54, on verdict for defendant by direction in case of C. P. Robinson v. J. M. Harrison. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.


Assumpsit on an oil lease.

At the trial the jury returned a verdict for defendant.

On motion for a new trial PATTON, P. J., filed the following opinion: